UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

DIANA Y. OLIVEROS,
MARIA GUTIERREZ,

    Plaintiff(s),

v.

N.C.J. RESTAURANT GROUP LLC,
d/b/a EATAPAS
CHRISTIAN JACQUES,
and JADER OLIVEIRA, individually

    Defendants,
_____/

## COMPLAINT

(PURSUANT TO 29 U.S. CODE § 215(a)(3))

COMES NOW the Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ, by and through the undersigned counsel, and hereby sues Defendants N.C.J. RESTAURANT GROUP LLC, d/b/a EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover monetary damages for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ ALBERTO ROCHE are residents of Broward County. Plaintiffs are covered employees for purposes of the Act.

3. Defendant N.C.J. RESTAURANT GROUP LLC, d/b/a EATAPAS (hereinafter EATAPAS, or Defendant) is a Florida corporation, having a place of business in Broward

County, Florida, where Plaintiffs worked for Defendant. At all times material, Defendant was engaged in interstate commerce.

4. The individual Defendants, CHRISTIAN JACQUES and JADER OLIVEIRA were and are now the owners/partners/managers of Defendant Corporation EATAPAS. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ to recover from Defendants retaliatory damages liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

7. Corporate Defendant EATAPAS is a Spanish restaurant located at 4140 N Federal Hwy, Fort Lauderdale, FL 33308

8. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA employed Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ as non-exempted full-time restaurant employees approximately from September 29, 2020, to December 2022, or 117 and 115 weeks, respectively.

9. Plaintiffs had duties as servers. Plaintiffs were tipped employees earning a wage rate of approximately $7.98 an hour plus tips.

10. During the relevant employment period, Plaintiffs worked up to six days per week from 36 to 40 and more than 40 hours weekly.

11. Plaintiff worked under the supervision of owners/managers CHRISTIAN JACQUES, JADER OLIVEIRA, and manager Antonio Soverani.

12. Plaintiff DIANA Y. OLIVEROS, her husband Albert Roche, and her daughter MARIA GUTIERREZ worked for the same Employers, EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA.

13. Plaintiff DIANA Y. OLIVEROS' husband, Alberto Roche, was a cook and line cook for Defendants. During his time of employment, cook Alberto Roche worked many overtime hours that were not paid to him.

14. On or about May 7, 2022, Defendants fired cook Alberto Roche.

15. On or about July 12, 2022, cook Alberto Roche filed a lawsuit against Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA (Case No.: 22-cv-61305-RS)

16. Plaintiff DIANA Y. OLIVEROS' husband, cook Alberto Roche, engaged in statutorily protected activity under the Fair Labor Standards Act.

17. After their close family member, cook Alberto Roche sued Defendants, Plaintiff DIANA Y. OLIVEROS and her daughter MARIA GUTIERREZ suffered third-party retaliation.

18. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA subjected Plaintiffs to retaliatory adverse employment actions such as harassment, reduction of days and hours, and finally, Plaintiffs were constructive discharged.

19. Defendants lowered Plaintiffs' number of days and hours worked. Plaintiffs were scheduled to work fewer days. Plaintiff worked only three, two, and even one day. When Plaintiffs showed up to work, Manager Antonio Soverani harassed Plaintiffs for any

reason and gave Plaintiffs fewer tables to serve, choosing the ones that produced fewer tips.

20. The retaliatory actions of Defendants were caused by Plaintiffs' family ties with an employee engaged in protected activities.

21. Defendants maliciously and intentionally forced Plaintiffs to leave their employment.

22. Plaintiffs DIANA Y. OLIVEROS was forced to leave on or about December 30, 2022. At that time, she was being mistreated and harassed, and she was scheduled to work only one day.

23. Plaintiff MARIA GUTIERREZ was forced to leave her employment on or about December 14, 2022, for the same reasons.

24. On or about December 14, and 30, 2022, Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA constructively discharged Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ

25. In response to protected activity, Defendant deliberately created for Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ working conditions so intolerable that a reasonable person in similar circumstances would have felt compelled to resign.

26. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiffs have been damaged.

27. Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorneys' fees.

**COUNT I:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 USC 215(a)(3**

28. Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ re-adopt every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

29. Defendant EATAPAS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Spanish restaurant and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

30. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiffs regularly handled credit card transactions and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

31. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

32. 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

33. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA employed Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ as non-exempted full-time restaurant employees approximately from September 29, 2020, to December 2022, or 117 and 115 weeks, respectively.

34. Plaintiffs had duties as servers. Plaintiffs were tipped employees earning a wage rate of approximately $7.98 an hour plus tips.

35. During the relevant employment period, Plaintiffs worked up to six days per week from 36 to 40 and more than 40 hours weekly.

36. Plaintiffs DIANA Y. OLIVEROS, MARIA GUTIERREZ, and cook Alberto Roche were family members, Plaintiff DIANA Y. OLIVEROS and cook Alberto Roche were husband and wife, and Plaintiff MARIA GUTIERREZ, their daughter.

37. Plaintiff DIANA Y. OLIVEROS' husband, cook Alberto Roche worked many overtime hours that were not paid to him.

38. On or about May 7, 2022, Defendants fired cook Alberto Roche.

39. On or about July 12, 2022, cook Alberto Roche filed a lawsuit against Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA (Case No.: 22-cv-61305-RS)

40. Plaintiff DIANA Y. OLIVEROS' husband, cook Alberto Roche, engaged in statutorily protected activity under the Fair Labor Standards Act.

41. After their close family member, Alberto Roche, sued Defendants, Plaintiff DIANA Y. OLIVEROS and her daughter MARIA GUTIERREZ suffered third-party retaliation.

42. Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA subjected Plaintiffs to retaliatory adverse employment actions such as harassment and reduction of days and hours, and finally, their constructive discharge.

43. Defendants lowered Plaintiffs' number of days and hours worked. Plaintiffs were scheduled to work fewer days. Plaintiffs worked only three, two, and even one day per week. When Plaintiffs showed up to work, Manager Antonio Soverani harassed Plaintiffs for any reason. The Manager gave Plaintiffs fewer tables to serve, choosing the ones that produced less tips.

44. The retaliatory actions of Defendants were caused by the Plaintiffs association and family ties with an employee engaged in protected activities.

45. Defendants maliciously and intentionally forced Plaintiffs to leave their employment.

46. Plaintiffs DIANA Y. OLIVEROS was forced to leave her job on or about December 30, 2022. At that time, she was being mistreated and harassed, and she was scheduled to work only for one day.

47. Plaintiff MARIA GUTIERREZ was forced to leave her employment on or about December 14, 2022, due to the same reasons.

48. On or about December 30, and 14, 2022, Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA constructively discharged Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ.

49. In response to protected activity, Defendants deliberately created for Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ working conditions so intolerable that a reasonable person in similar circumstances would have felt compelled to resign.

50. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiffs have been damaged.

51. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiffs have been damaged.

52. Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants EATAPAS, CHRISTIAN JACQUES, and JADER OLIVEIRA to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ further pray for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiffs DIANA Y. OLIVEROS and MARIA GUTIERREZ demand trial by a jury of all issues triable as of right by a jury.

Date: January 31, 2023

                          Respectfully submitted

                          By: **/s/ Zandro E. Palma**
                          ZANDRO E. PALMA, P.A.
                          Florida Bar No.: 0024031
                          9100 S. Dadeland Blvd.
                          Suite 1500
                          Miami, FL 33156
                          Telephone: (305) 446-1500
                          Facsimile: (305) 446-1502
                          zep@thepalmalawgroup.com
                          *Attorney for Plaintiff*